# EXHIBIT 6

William P. Cole, Bar No. 186772
  wcole@calljensen.com
Scott P. Shaw, Bar No. 223592
  sshaw@calljensen.com
Samuel G. Brooks, Bar No. 272107
  sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:  (949) 717-3000
Fax:  (949) 717-3100

Attorneys for Defendants Kohl's Department Stores, Inc.
and Iconix Brand Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation, | Case No.  2:17-cv-04073-GW-PLA |
| Plaintiff, | **KOHL'S DEPARTMENT STORES, INC.'S REQUESTS FOR ADMISSION TO PLAINTIFF UNICOLORS, INC.** |
| vs. | |
| KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation; ICONIX BRAND GROUP, INC., individually and d/b/a "Candie's," a Delaware Corporation; and DOES 1 through 10, | |
| Defendants. | |
| | Complaint Filed:  May 31, 2017 |
| | Trial Date:  None Set |

**PROPOUNDING PARTY:**  Defendant Kohl's Department Stores, Inc.

**RESPONDING PARTY:**  Plaintiff Unicolors, Inc.

**SET NUMBER:**  One (1)

**TO PLAINTIFF UNICOLORS, INC. AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure (FRCP), Defendant Kohl's Department Stores, Inc. ("Kohl's") hereby requests that Plaintiff Unicolors, Inc. ("You") admit the truth of the matters set forth below.

## I.  REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that Kohl's received the garment pictured below from Poong In Trading Co. Ltd.



**REQUEST NO. 2:**

Admit that the designs pictured in the table below were created by a Kohl's employee by modifying the design on the garment pictured in Request No. 1:



| Kohl's Design  SP6CAJP23A | Kohl's Design SP6CAJP30A |
|---|---|

**REQUEST NO. 3:**

Admit that when a Kohl's employee created the designs pictured in Request No. 2, Kohl's was informed and believed that Poong In Trading Co, Ltd. had created the design on the garment pictured in Request No. 1.

1  **REQUEST NO. 4:**

2       Admit that when a Kohl's employee created the designs pictured in Request No.

3  2, that individual had no reason to believe that Unicolors claimed to own a copyright for

4  the print design on the garment pictured in Request No. 1.

5  **REQUEST NO. 5:**

6       Admit that when Kohl's placed purchase orders for the Blouson Maxi Dress

7  (garment style JZ61Y005RP) in November 2015, it had no reason to believe that

8  Unicolors claimed to own a copyright for the print design on the garment pictured in

9  Request No. 1.

10  **REQUEST NO. 6:**

11       Admit that when Kohl's began selling units of the Blouson Maxi Dress (garment

12  style JZ61Y005RP) in March 2016, it had no reason to believe that Unicolors claimed

13  to own a copyright for the print design on the garment pictured in Request No. 1.

14  **REQUEST NO. 7:**

15       Admit that Kohl's first became aware of Your claim of ownership of the

16  copyright for the print design on the garment pictured in Request No. 1 when it received

17  a letter from Your attorney alleging copyright infringement with respect to the Blouson

18  Maxi Dress (garment style JZ61Y005RP).

19  **REQUEST NO. 8:**

20       Admit that Kohl's first received the letter described in Request No. 7 on

21  December 6, 2016.

22  **REQUEST NO. 9:**

23       Admit that Kohl's last sale of the Blouson Maxi Dress (garment style

24  JZ61Y005RP) was before December 6, 2016.

25  **REQUEST NO. 10:**

26       Admit that Kohl's has never sampled fabric from You.

27  **REQUEST NO. 11:**

28       Admit that Kohl's has never purchased fabric from You.

**REQUEST NO. 12:**

Admit that Kohl's has never sampled fabric printed with Design MG1175 from You.

**REQUEST NO. 13:**

Admit that Kohl's has never purchased fabric printed with Design MG1175 from You.

**REQUEST NO. 14:**

Admit that Iconix Brand Group did not sell the Blouson Maxi Dress (garment style JZ61Y005RP).

**REQUEST NO. 15:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not induce Kohl's to infringe Your copyright.

**REQUEST NO. 16:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not have the right to control Kohl's conduct.

**REQUEST NO. 17:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not have the ability to control Kohl's conduct.

**REQUEST NO. 18:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not benefit from Kohl's alleged infringement.

**REQUEST NO. 19:**

Admit that to the extent Iconix Brand Group received royalty payments from Kohl's as a result of Kohl's sales of the Blouson Maxi Dress (garment style JZ61Y005RP), those payments were made solely in exchange for Kohl's right to use the "Candie's" trademark.

**REQUEST NO. 20:**

Admit that You did not suffer any actual damage as a result of Kohl's selling the Blouson Maxi Dress (garment style JZ61Y005RP) under the "Candie's" label rather than under some other label.

**REQUEST NO. 21:**

Admit that Kohl's did not share its profit (if any) from selling the Blouson Maxi Dress (garment style JZ61Y005RP) with Iconix Brand Group.

**REQUEST NO. 22:**

Admit that the royalty payments Kohl's made to Iconix Brand Group in connection with its sales of the Blouson Maxi Dress (garment style JZ61Y005RP) are deductible from the gross revenues it received from such sales.

**REQUEST NO. 23:**

Admit that to the extent Iconix Brand Group profited from its receipt of royalty payments from Kohl's, that profit is not attributable to the alleged infringement.

**REQUEST NO. 24:**

Admit that Iconix Brand Group's profit from licensing the "Candie's" trademark is entirely attributable to the value of the "Candie's" trademark.

**REQUEST NO. 25:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not know that such sales would infringe Your copyright.

**REQUEST NO. 26:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group had no reason to believe that the sales would infringe Your copyright.

**REQUEST NO. 27:**

Admit that the print designs depicted in Request Nos. 1 and 2 are variations of chevron and stripe prints.

**REQUEST NO. 28:**

Admit that chevrons are a common feature of fabric designs.

**REQUEST NO. 29:**

Admit that stripes are a common feature of fabric designs.

**REQUEST NO. 30:**

Admit that it is common for fabric designs to combine chevrons with stripes.

**REQUEST NO. 31:**

Admit that it is common for fabric designs to combine chevrons with varying widths.

**REQUEST NO. 32:**

Admit that Design MG1175 is based on one or more pre-existing works.

**REQUEST NO. 33:**

Admit that some of the individual elements in Design MG1175 were copied from one or more pre-existing work.

**REQUEST NO. 34:**

Admit that You do not know whether any of the individual elements in Design MG1175 were copied from pre-existing work.

**REQUEST NO. 35:**

Admit that You do not know which, if any, of the individual elements in Design MG1175 were copied from pre-existing work (as opposed to which, if any, were the wholly original creation of the employee who authored the work).

**REQUEST NO. 36:**

Admit that You do not know whether any of the individual elements in Design MG1175 were the wholly original creation of the employee who authored the work.

**REQUEST NO. 37:**

Admit that You do not know which, if any, of the individual elements in Design MG1175 were the wholly original creation of the employee who authored the work (as opposed to which, if any, were copied from pre-existing work).

**REQUEST NO. 38:**

Admit that the presumption of validity afforded by the registration certificate for "Stripe" (registered as U.S. Registration Number VA 1-883-216) extends only to the copyright for the collection as a whole (i.e., the selection of works included in the collection) and not to the copyright for the individual works included in the collection.

**REQUEST NO. 39:**

Admit that one or more of the individual works included for registration in "Stripe" was not authored by an employee of Unicolors, Inc.

**REQUEST NO. 40:**

Admit that one or more of the individual works included for registration in "Stripe" was published before August 30, 2013.

**REQUEST NO. 41:**

Admit that You did not publish all of the works included for registration in "Stripe" in a single unit of publication on August 30, 2013.

**REQUEST NO. 42:**

Admit that You never published all of the works included for registration in "Stripe" in a single unit of publication.

**REQUEST NO. 43:**

Admit that one or more of the individual works included for registration in "Stripe" was based on pre-existing work.

**REQUEST NO. 44:**

Admit that one or more of the individual works included for registration in "Stripe" incorporates pre-existing work.

**REQUEST NO. 45:**

Admit that Your actual damage from the alleged infringement by Kohl's can be measured either by a reasonable licensing fee for the use of Design MG1175 on fabric, or by the amount of profit You would have earned had the party that purchased the

1  fabric used for the Blouson Maxi Dress (garment style JZ61Y005RP) purchased the
2  fabric from You rather than a competitor.

3  **REQUEST NO. 46:**

4      Admit that other than the loss of either (1) a reasonable licensing fee for the use
5  of Design MG1175 on fabric, or (2) the profits from sales of fabric printed with Design
6  MG1175, You did not suffer any actual damage from the alleged infringement by
7  Kohl's.

8  **REQUEST NO. 47:**

9      Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style
10 JZ61Y005RP) is attributable in part to the print design, and in part to factors other than
11 the copyrighted work.

12 **REQUEST NO. 48:**

13     Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style
14 JZ61Y005RP) is attributable in part to the fact that the garment is a useful item (i.e.,
15 that it can be used as clothing, as opposed to simply a work of art).

16 **REQUEST NO. 49:**

17     Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style
18 JZ61Y005RP) is attributable in part to the stylistic elements of the garment (e.g., its cut
19 and fit).

20 **REQUEST NO. 50:**

21     Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style
22 JZ61Y005RP) is attributable in part to the quality of workmanship of the garment.

23 **REQUEST NO. 51:**

24     Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style
25 JZ61Y005RP) is attributable in part to the materials used in the garment.

26 **REQUEST NO. 52:**

27     Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style
28 JZ61Y005RP) is attributable in part to Kohl's goodwill.

**REQUEST NO. 53:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ61Y005RP) is attributable in part to the goodwill associated with the "Candie's" label.

**REQUEST NO. 54:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ61Y005RP) is attributable in part to the fact that consumers view the garment as a good value (i.e., that the quality to price ratio is high).

**REQUEST NO. 55:**

Admit that the portion of a party's profit from the sale of a garment bearing a print design that is attributable to the print design is equal to a reasonable license fee for use of the design on the fabric.

**REQUEST NO. 56:**

Admit that to the extent Kohl's earned a profit from the sale of the Blouson Maxi Dress (garment style JZ61Y005RP) in excess of the amount of a reasonable royalty for use of Design MG1175, that portion of the profit is attributable to factors other than the copyrighted work.

**REQUEST NO. 57:**

Admit that to the extent Kohl's earned a profit from the sale of the Blouson Maxi Dress (garment style JZ61Y005RP) in excess of the amount of a reasonable royalty for use of Design MG1175, that portion of the profit is attributable to factors other than the copyrighted work.

**REQUEST NO. 58:**

Admit that if the fabric used in the Blouson Maxi Dress (garment style JZ61Y005RP) cost the same amount as substitute fabric You would have sold bearing authorized copies of Design MG1175, then Kohl's would not have earned any additional profit as a result of the alleged infringement that would not already be taken into account in the calculation of Your actual damage.

**REQUEST NO. 59:**

Admit that if the fabric used in the Blouson Maxi Dress (garment style JZ61Y005RP) cost more than substitute fabric You would have sold bearing authorized copies of Design MG1175, then Kohl's would not have earned any additional profit as a result of the alleged infringement that would not already be taken into account in the calculation of Your actual damage.

**REQUEST NO. 60:**

Admit that if the fabric used in the Blouson Maxi Dress (garment style JZ61Y005RP) cost less than substitute fabric You would have sold bearing authorized copies of Design MG1175, then any additional profit Kohl's earned from the alleged infringement that would not already be taken into account in the calculation of Your actual damage can be measured as the difference in the price of the unauthorized fabric and substitute authorized fabric, minus Your actual damage.

**REQUEST NO. 61:**

Admit that if the price paid by Kohl's for the Blouson Maxi Dress (garment style JZ61Y005RP) was the same as the price Kohl's would have paid for garments made from substitute Fabric purchased from You and bearing authorized copies of Design MG1175, then Kohl's would not have earned any additional profit as a result of the alleged infringement that would not already be taken into account in the calculation of Your actual damage.

**REQUEST NO. 62:**

Admit that if the price paid by Kohl's for the Blouson Maxi Dress (garment style JZ61Y005RP) was more than the price Kohl's would have paid for garments made from substitute Fabric purchased from You and bearing authorized copies of Design MG1175, then Kohl's would not have earned any additional profit as a result of the alleged infringement that would not already be taken into account in the calculation of Your actual damage.

**REQUEST NO. 63:**

Admit that if the price paid by Kohl's for the Blouson Maxi Dress (garment style JZ61Y005RP) was less than the price Kohl's would have paid for garments made from substitute Fabric purchased from You and bearing authorized copies of Design MG1175, then any additional profit Kohl's earned from the alleged infringement that would not already be taken into account in the calculation of Your actual damage can be measured as the difference in the price of garments made from the unauthorized fabric and garments made from substitute authorized fabric, minus Your actual damage.

Dated:  November 27, 2017             CALL & JENSEN
                                       A Professional Corporation
                                       William P. Cole
                                       Scott P. Shaw
                                       Samuel G. Brooks


                                       By:  _____
                                            Samuel G. Brooks

                                       Attorneys for Defendants Kohl's Department
                                       Stores, Inc. and Iconix Brand Group, Inc.

**CERTIFICATE OF SERVICE**
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On November 27, 2017, I have served the foregoing document described as **KOHL'S DEPARTMENT STORES, INC.'S REQUESTS FOR ADMISSION TO PLAINTIFF UNICOLORS, INC.** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

[ ]    (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ X ]  (BY MAIL)  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ]    (BY OVERNIGHT SERVICE)  I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ]    (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.

The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[  ]    (BY E-MAIL) I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

[  ]    (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ X ] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on November 27, 2017, at Newport Beach, California.

Katie Dominick

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
Doniger / Burroughs
603 Rose Avenue
Venice, CA 90291
Tel: (310) 590-1820
stephen@donigerlawfirm.com
scott@donigerlawfirm.com
tbarrett@donigerlawfirm.com
jgomes@donigerlawfirm.com

**Attorneys for
Plaintiff Unicolors, Inc.**

CALL &
JENSEN

EXHIBIT 7

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@dongerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California  90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

RECEIVED

JAN 2 5 2018

CALL & JENSEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC., *et al*.<br><br>Defendants. | Case No. 2:17-cv-04073-GW-PLA<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     KOHL'S DEPARTMENTS STORES INC.

RESPONDING PARTY:       UNICOLORS, INC.

SET:                                 ONE

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

- 1 -

Pursuant to Fed. R. Civ. P. §33, Plaintiff hereby responds to the First Set of Interrogatories propounded by Propounding Party as follows:

The answers contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any interrogatory, Plaintiff does not concede the relevance or materiality of the interrogatory, or the subject matter to which the interrogatories refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such

- 2 -

answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

**INTERROGATORY NO. 1:**

State the price per yard You would have charged Kohl's Department Stores, Inc. or its supplier in November/December 2015 for fabric printed with Design Number MG1175 of the same make as the fabric used in Kohl's Style Number JZ61Y005RP. If You did not offer fabric in November/December 2015 in the same make as the fabric used in

**RESPONSE TO INTERROGATORY NO. 1:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 2:**

Describe each factor that would have affected the per yard price You would have charged Kohl's or its supplier in November/December 2015 for knit fabric printed with Design Number MG l 175 of the same make as the fabric used in Kohl's Style Number JZ6 I Y005RP. If You did not offer fabric in November/December 20 1 5 in the same make as the fabric used in Kohl's Style Number JZ6 l Y005RP, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection: compound and containing impermissible sub-pats, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

- 3 -

**INTERROGATORY NO. 3:**

Describe each factor that would have affected Your cost in November/December 2015 for knit fabric printed with Design Number MG 1175 of the same make as the fabric used in Kohl's Style Number .IZ61Y005RP. If You did not offer fabric in November/December 2015 in the same make as the fabric used in Kohl's Style Number JZ61Y00SRP, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 4:**

State Your cost per yard in November/December 2015 for knit fabric printed with Design Number MG 1175 of the same make as the fabric used in Kohl's Style Number JZ61Y005RP. If You did not offer fabric in November/December 2015 in the same make as the fabric used in Kohl's Style Number JZ6 1 Y00SRP, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO. 4:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

///

- 4 -

**INTERROGATORY NO. 5:**

State the terms You contend would have constituted reasonable compensation for You to convey a non-exclusive license to a third party to use Design Number MG 1 175 on fabric in November/December 2015.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 6:**

State the factual basis for Your contention that the terms set forth in Your response to Interrogatory Number 5 would have constituted reasonable compensation for You to convey a non-exclusive license to a third party to use Design Number MG 1175 on fabric in November/December 20 I 5.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 7:**

Describe in detail any documents or other evidentiary material which support Your contention that the terms set forth in Your response to Interrogatory Number 5 would have constituted reasonable compensation for You to convey a non-exclusive license to a third party to use Design Number MG 1 1 75 on fabric in November/December 2015.

- 5 -

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 8:**

State Your net profit or loss margin (as a percentage of total sales) from sales of all fabric in the years 2015 and 2016.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 9:**

State Your net profit or loss margin (as a percentage of total sales) on sales of print fabrics only in the years 20 I 5 and 2016.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 10:**

State Your net profit or loss margin (as a percentage of total sales) on sales of print fabrics of the same make as the fabric used in Kohl's Style Number JZ6 1 Y005 RP in the years 2015 and 2016. If You did not offer fabric in that make during those years, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 11:**

Identify each category of cost other than the cost of goods sold (e.g., shipping, warehousing, overhead, etc.) which You take into account in determining Your profits or losses on fabric sales.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 12:**

Provide the name, address, telephone number, and email address of the employee who authored Design Number MG 1175 for Unicolors in 2013.

**RESPONSE TO INTERROGATORY NO. 12:**

The design at issue was drafted by Unicolors' design team, reachable through undersigned counsel. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 13:**

Provide the name, address, telephone: number, email address, and a description of the relationship with You of each individual who contributed copyrightable authorship to each copyrightable element that is otherwise recognizable as a self-contained work of visual art included in the work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216). You may answer this interrogatory by filling- in the table below:

**RESPONSE TO INTERROGATORY NO. 13:**

The design at issue was drafted by Unicolors' design team, reachable through undersigned counsel. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 14:**

Describe in detail the publication of "Stripe," on August 30, 2013, including specifically the medium or media in which the work was published, the locations where any copies of the publication were distributed, the number of copies that were distributed, and if known, the identities of any persons who received copies of the publication.

**RESPONSE TO INTERROGATORY NO. 14:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**INTERROGATORY NO. 15:**

Provide the name, address, telephone number, email address, and a description of the relationship with You of each individual described in Your

- 8 -

initial disclosures, including specifically, "Unicolors' design team," "Plaintiffs Chief Financial Officer," "Plaintiffs Head of Samples and Production," "Agents and artists connected to art studios," and "Plaintiffs sales representatives that serviced the Defendants' accounts."

**RESPONSE TO INTERROGATORY NO. 15:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce nonprivileged documents in its possession, custody or control responsive to this interrogatory. Discovery is ongoing; right to supplement reserved.

Dated:  January 22, 2018                     By:

Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

- 9 -

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On January 22, 2018 I served the ENCLOSED documents described as: **PLAINTIFF'S RESPONSES TO DEFENDANT FIRST SET OF REQUESTS FOR ADMISSIONS; PLAINTIFF'S RESPONSES TO DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF INTERROGATORIES; PLAINTIFF'S RESPONSES TO KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following necessary part(ies) in this action:

> **Samuel G Brooks**
> **Scott P Shaw**
> **William P Cole**
> **Call and Jensen APC**
> **610 Newport Center Drive Suite 700**
> **Newport Beach, CA 92660**
> **Email: sbrooks@calljensen.com**
> **Email: sshaw@calljensen.com**
> **Email: wcole@calljensen.com**

☒ by placing ☐ the original ☒a true copy thereof enclosed in sealed envelopes addressed as follows:
☒ BY MAIL
        ☒ I deposited such envelope in the mail at Venice, California. The envelope was mailed with postage thereon fully prepaid.
☒BY ELECTRONIC MAIL (E-MAIL)
        ☒ On this date I caused the above-referenced document(s) to be transmitted to the e-mail address noted above.
        ☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Venice, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
        EXECUTED January 22, 2018 in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

Erin Kurth

# EXHIBIT 8

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@dongerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California  90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

RECEIVED

JAN 2 5 2018

CALL & JENSEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC., *et al.*<br><br>Defendants. | Case No. 2:17-cv-04073-GW-PLA<br><br>**PLAINTIFF'S RESPONSES TO KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:     KOHL'S DEPARTMENTS STORES INC.

RESPONDING PARTY:     UNICOLORS, INC.

SET:     ONE

- 1 -

**PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Plaintiff Unicolors, Inc. pursuant to Federal Rule of Civil Procedure 34, hereby responds to First Set of Requests for Production of Documents propounded by Propounding Party as follows:

The answers contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any interrogatory, Plaintiff does not concede the relevance or materiality of the interrogatory, or the subject matter to which the interrogatories refer.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

(1)    All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to on responses given or the subject matter thereof, in any subsequent proceeding in, or the trial of, this action or any other action or proceeding;

(2)    The right to object to other discovery procedure involving or related to the subject matter of the interrogatories herein responded to including any REQUEST of Documents specifically identified herein; and

(3)    The right at any time to revise, correct, add to, or clarify any of the answers set forth herein, or documents referred to herein.

Responding Party has not completed its investigation of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial. All response(s) by Responding Party to these Interrogatories

- 2 -

1  are based solely upon such information and documents as are presently available

2  and specifically known to Responding Party, and without prejudice to Responding

3  Party's right to produce additional responses when discovered or realized by

4  Responding Party.

5

6  **REQUEST FOR PRODUCTION NO. 1:**

7      The documents described in Your initial disclosures.

8  **RESPONSE TO REQUEST NO. 1:**

9      Plaintiff will produce.

10 **REQUEST FOR PRODUCTION NO. 2:**

11     All documents, including communications, relating to the creation of the

12 work of visual art entitled "Stripe" (registered as U.S. Registration Number VA 1-

13 883-216).

14 **RESPONSE TO REQUEST NO. 2:**

15     Objections: seeks confidential information protected by the attorney-client

16 privilege and the attorney work product and/or trade secrets doctrines. Plaintiff

17 further objects to this request as overbroad, vague and ambiguous, generally and as

18 to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce

19 nonprivileged responsive documents in its possession, custody or control

20 concerning the creation, registration, and publication of the design at issue.

21 Discovery is ongoing; right to supplement reserved.

22 **REQUEST FOR PRODUCTION NO. 3:**

23     All documents, including communications, relating to the creation of each

24 copyrightable element that is otherwise recognizable as a self-contained work of

25 visual art included in the collective work entitled "Stripe" (registered as U.S.

26 Registration Number VA 1-883-216).

27

28

- 3 -

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 3:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, including communications, relating to the publication on August 30, 2013 of the work of visual art entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216).

**RESPONSE TO REQUEST NO. 4:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 5:**

For each copyrightable element that is otherwise recognizable as a self-contained work of visual art included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216), documents showing the date You first sold fabric printed with that element.

- 4 -

**RESPONSE TO REQUEST NO. 5:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 6:**

For each copyrightable element that is otherwise recognizable as a self-contained work of visual art included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216), documents showing the date You first offered for sale fabric printed with that element.

**RESPONSE TO REQUEST NO. 6:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of the single unit of publication of "Stripe" (registered as U.S. Registration Number VA 1-883-216) that was published on August 30, 2013 – that is, the single unit of publication that included all of the copyrightable elements that are otherwise recognizable as self-contained works.

**RESPONSE TO REQUEST NO. 7:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 8:**

Each of the electronic files that was uploaded to the Copyright Office's website in connection with your application to register "Stripe" (registered as U.S. Registration Number VA 1-883-216), including but not limited to the electronic files for the following designs:

- CMT1297
- MG1175
- SC832
- SH1619
-SP862
- SR829

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff will produce copies of the file uploaded as the deposit copy for the design at issue.

**REQUEST FOR PRODUCTION NO. 9:**

For each copyrightable element that is otherwise recognizable as a self-contained work included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216) that was based on one or more pre-existing works, copies of such pre-existing works.

- 6 -

**RESPONSE TO REQUEST NO. 9:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 10:**

For each copyrightable element that is otherwise recognizable as a self-contained work included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-2 l 6) that was based on one or more registered pre-existing works, copies of the registration certificates for such pre-existing works.

**RESPONSE TO REQUEST NO. 10:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 11:**

If the work You designated as Design MG 1175 was based on one or more pre- existing works, copies of such pre-existing works.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff will produce such responsive documents.

- 7 -

**REQUEST FOR PRODUCTION NO. 12:**

   Records of Your sales of fabric printed with Design MG 1175.

**RESPONSE TO REQUEST NO. 12:**

   Plaintiff will produce such responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

   If You ever agreed to license the right to use Design MG 1175 on fabric, a copy of each such licensing agreement.

**RESPONSE TO REQUEST NO. 13:**

   Plaintiff will produce such responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

   If You have not ever agreed to license the right to use Design MG 1175 on fabric, but You have agreed to license the right to use other copyrighted designs on fabric in the years 2013, 2014, 2015, or 2016 a copy of each such licensing agreement.

**RESPONSE TO REQUEST NO. 14:**

   Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue.

**REQUEST FOR PRODUCTION NO. 15:**

   Documents sufficient to detemiine the prices You charged in 20 1 5 and 2016 for fabric printed with Design MG l 175 of the same make as the fabric used in the Blouson Maxi Dress (garment style JZ6lY005RP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

- 8 -

**RESPONSE TO REQUEST NO. 15:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to determine Your average cost in 2015 and 2016 for fabric printed with Design MG 1 175 of the same make as the fabric used in the Blouson Maxi Dress (garment style JZ61YOOSRP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

**RESPONSE TO REQUEST NO. 16:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to determine the prices You charged in 2015 and 2016 for solid fabric of the same make as the fabric used in the Blouson Maxi Dress

- 9 -

1  (garment style JZ6IY005RP). If You did not offer fabric in the same make, You

2  may so state and produce documents responsive to this request with respect to

3  fabric of a similar make.

4  **RESPONSE TO REQUEST NO. 17:**

5      Objections: seeks confidential information protected by the attorney-client

6  privilege and the attorney work product and/or trade secrets doctrines. Plaintiff

7  further objects to this request as overbroad, unduly burdensome, and not

8  proportional to the needs of the case, in that it seeks irrelevant documents

9  regarding designs not at issue. Without waiver: Plaintiff will produce

10  nonprivileged responsive documents in its possession, custody or control

11  concerning the creation, registration, and publication of the design at issue.

12  Discovery is ongoing; right to supplement reserved.

13  **REQUEST FOR PRODUCTION NO. 18:**

14      Documents sufficient to determine Your average cost in 2015 and 2016 for

15  solid fabric of the same make as the Blouson Maxi Dress (garment style JZ61

16  Y005RP). If You did not offer fabric in the same make, You may so state and

17  produce documents responsive to this request with respect to fabric of a similar

18  make.

19  **RESPONSE TO REQUEST NO. 18:**

20      Objections: seeks confidential information protected by the attorney-client

21  privilege and the attorney work product and/or trade secrets doctrines. Plaintiff

22  further objects to this request as overbroad, unduly burdensome, and not

23  proportional to the needs of the case, in that it seeks irrelevant documents

24  regarding designs not at issue. Without waiver: Plaintiff will produce

25  nonprivileged responsive documents in its possession, custody or control

26  concerning the creation, registration, and publication of the design at issue.

27  Discovery is ongoing; right to supplement reserved.

28

- 10 -

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to determine Your net profit or loss from sales of all fabric in 2015 and 2016.

**RESPONSE TO REQUEST NO. 19:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to determine Your net profit or loss from sales of all print fabrics in 2015 and 2016.

**RESPONSE TO REQUEST NO. 20:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to determine Your net profit or loss in 2015 and 2016 from sales of all print fabrics of the same make as the fabric used in the Blouson

Maxi Dress (garment style JZ61Y00SRP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

**RESPONSE TO REQUEST NO. 21:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show each category of cost other than the cost of goods sold ( e.g., shipping, warehousing, overhead, etc.) which You take into account in determining Your profits or losses on fabric sales, and the amount of such costs in 2015 and 2016.

**RESPONSE TO REQUEST NO. 22:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 23:**

All communications to and from the employee who authored Design MG 1175 for Unicolors which relate to Design MG 1175.

**RESPONSE TO REQUEST NO. 23:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

Dated:  January 19, 2018          By: _____

Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

- 13 -

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On January 22, 2018 I served the ENCLOSED documents described as:
**PLAINTIFF'S RESPONSES TO DEFENDANT  FIRST SET OF REQUESTS FOR ADMISSIONS; PLAINTIFF'S RESPONSES TO DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF INTERROGATORIES; PLAINTIFF'S RESPONSES TO KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
on the following necessary part(ies) in this action:

> **Samuel G Brooks**
> **Scott P Shaw**
> **William P Cole**
> **Call and Jensen APC**
> **610 Newport Center Drive Suite 700**
> **Newport Beach, CA 92660**
> **Email: sbrooks@calljensen.com**
> **Email: sshaw@calljensen.com**
> **Email: wcole@calljensen.com**

☒ by placing ☐ the original ☒a true copy thereof enclosed in sealed envelopes addressed as follows:
☒ BY MAIL
        ☒ I deposited such envelope in the mail at Venice, California.  The envelope was mailed with postage thereon fully prepaid.
☒BY ELECTRONIC MAIL (E-MAIL)
        ☒ On this date I caused the above-referenced document(s) to be transmitted to the e-mail address noted above.
        ☒ As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Venice, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
        EXECUTED January 22, 2018 in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

_____
Erin Kurth

EXHIBIT 9

1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Trevor W. Barrett (SBN 287174)
   tbarrett@donigerlawfirm.com
4  
   Justin M. Gomes (SBN 301793)
5  jgomes@donigerlawfirm.com
6  DONIGER / BURROUGHS
   603 Rose Avenue
7  Venice, California 90291
8  Telephone: (310) 590-1820

9  Attorneys for Plaintiff
10

RECEIVED

JAN 2 5 2018

CALL & JENSEN

11              **UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14  UNICOLORS, INC., | Case No. 2:17-cv-04073-GW-PLA |
| 15  Plaintiff, | **PLAINTIFF'S RESPONSES TO DEFENDANT  FIRST SET OF REQUESTS FOR ADMISSIONS** |
| 16  v. | |
| 17 | |
| 18  KOHL'S DEPARTMENT STORES, INC., *et al.* | |
| 19 | |
| 20  Defendants. | |

21

22  PROPOUNDING PARTY:      KOHL'S DEPARTMENT STORES, INC.
23  RESPONDING PARTY:      UNICOLORS, INC.
24  SET:              ONE
25
26
27
28                        - 1 -

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Plaintiff Unicolors, Inc., pursuant to Federal Rules of Civil Procedure §34, hereby responds to Request for Admissions Set One, propounded by Defendant Kohl's Department Stores, Inc. as follows:

The answers contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any interrogatory. By responding to these Interrogatories, Plaintiff does not concede the relevance or materiality of the interrogatory, or the subject matter to which the interrogatory refers.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

(1)     All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to on responses given or the subject matter thereof, in any subsequent proceeding in, or the trial of, this action or any other action or proceeding;

(2)     The right to object to other discovery procedure involving or related to the subject matter of the interrogatories herein responded to including any Request for Production of Documents specifically identified herein; and,

(3)     The right at any time to revise, correct, add to, or clarify any of the answers set forth herein, or documents produced or referred to herein.

<u>GENERAL OBJECTIONS</u>

Plaintiff objects to the Requests to the extent they call for information

- 2 -

1  protected from disclosure by the attorney-client privilege, the attorney work-

2  product doctrine, and/or any other privilege or immunity.

3      Plaintiff asserts a right to modify, amend or supplement these responses in

4  the future as additional facts are discovered or ascertained. Plaintiff anticipates that

5  further investigation, discovery, legal research and analyses may disclose and

6  clarify additional facts.

7      Plaintiff objects to the Requests to the extent they are needlessly duplicative.

8  Plaintiff assumes no obligation to produce multiple responses merely to correspond

9  with overlapping and/or duplicative categories.

10     Plaintiff objects to the Requests to the extent that they seek to require

11 Plaintiff to disclose information that constitutes, in whole or in part, trade secrets,

12 proprietary, confidential or sensitive information and/or information that is

13 protected by disclosure by the right to privacy.

14     Plaintiff objects to the Requests to the extent that each particular request

15 does not describe with reasonable particularity the information sought.

16     Plaintiff objects to the Requests to the extent they seek to elicit information

17 that is not relevant and/or not reasonably calculated to lead to the discovery of

18 admissible evidence.

19     Plaintiff objects to the Requests to the extent they call for the disclosure of

20 information in which third parties may have a legitimate expectation of right to

21 privacy pursuant to constitutional authority, statute, or case law.

22     Plaintiff objects to the Requests to the extent they call for information which

23 is contained within documents already produced pursuant to Plaintiff's Rule 26

24 disclosure obligations.  To the extent documents containing information responsive

25 to the requests have been produced, they will not be re-produced herein.

26     Each of the foregoing objections is incorporated by reference to each of the

27 following responses as if fully set forth therein.

28

1

## RESPONSES TO REQUESTS FOR ADMISSIONS

2 **REQUEST NO. 1:**

3      Admit that Kohl's received the garment pictured below from Poong In

4 Trading Co. Ltd.

5 **RESPONSE TO NO. 1:**

6      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

7 admit or deny this Request and on that basis denies.

8 **REQUEST NO. 2:**

9      Admit that the designs pictured in the table below were created by a Kohl's

10 employee by modifying the design on the garment pictured in Request No. 1:

11 **RESPONSE TO NO. 2:**

12      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

13 admit or deny this Request and on that basis denies.

14 **REQUEST NO. 3:**

15      Admit that when a Kohl's employee created the designs pictured in Request

16 No. 2, Kohl's was informed and believed that Poong In Trading Co, Ltd. had

17 created the design on the garment pictured in Request No. 1.

18 **RESPONSE TO NO. 3:**

19      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

20 admit or deny this Request and on that basis denies.

21 **REQUEST NO. 4:**

22      Admit that when Kohl's employee created the designs pictured in Request

23 No. 2, that individual had no reason to believe that Unicolors claimed to own a

24 copyright for the print design on the garment pictured in Request No. 1.

25 **RESPONSE TO NO. 4:**

26      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

27 admit or deny this Request and on that basis denies.

28

- 4 -

**REQUEST NO. 5:**

Admit that when Kohl's placed purchase orders for the Blouson Maxi Dress (garment style JZ61 Y005RP) in November 2015, it had no reason to believe that Unicolors claimed to own a copyright for the print design on the garment pictured in Request No. 1.

**RESPONSE TO NO. 5:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 6:**

Admit that when Kohl's began selling units of the Blouson Maxi Dress (garment style JZ6 l Y00SRP) in March 2016, it had no reason to believe that Unicolors claimed to own a copyright for the print design on the garment pictured in Request No. 1.

**RESPONSE TO NO. 6:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 7:**

Admit that Kohls first became aware of Your claim of ownership of the copyright for the print design on the garment pictured in Request No. 1 when it received a letter from Your attorney alleging copyright infringement with respect to the Blouson Maxi Dress (garment style JZ6 l Y005RP).

**RESPONSE TO NO. 7:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 8:**

Admit that Kohl's first received the letter described m Request No. 7 on December 6, 2016.

- 5 -

1    **RESPONSE TO NO. 8:**

2          Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

3    admit or deny this Request and on that basis denies.

4    **REQUEST NO. 9:**

5          Admit that Kohl's last sale of the Blouson Maxi Dress (garment style

6    JZ61 Y005RP) was before December 6, 2016.

7    **RESPONSE TO NO. 9:**

8          Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

9    admit or deny this Request and on that basis denies.

10   **REQUEST NO. 10:**

11         Admit that Kohl's has never sampled fabric from You.

12   **RESPONSE TO NO. 10:**

13         Admit.

14   **REQUEST NO. 11:**

15         Admit that Kohl's has never purchased fabric from You.

16   **RESPONSE TO NO. 11:**

17         Admit.

18   **REQUEST NO. 12**:

19         Admit that Kohl's has never sampled fabric printed with Design MGI 175

20   from You.

21   **RESPONSE TO NO. 12:**

22         Admit.

23   **REQUEST NO. 13:**

24         Admit that Kohl's has never purchased fabric printed with Design MG 1175

25   from You.

26   **RESPONSE TO NO. 13:**

27         Admit.

28                                              - 6 -

1   **REQUEST NO. 14:**

2      Admit that Iconix Brand Group did not sell the Blouson Maxi Dress

3 (garment style JZ6 l Y005RP).

4 **RESPONSE TO NO. 14:**

5      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

6 admit or deny this Request and on that basis denies.

7 **REQUEST NO. 15:**

8      Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment

9 style JZ61 Y005RP), Iconix Brand Group did not induce Kohl's to infringe Your

10 copyright.

11 **RESPONSE TO NO. 15:**

12      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

13 admit or deny this Request and on that basis denies.

14 **REQUEST NO.16:**

15      Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment

16 style JZ61 Y005RP), Iconix Brand Group did not have the right to control Kohl's

17 conduct.

18 **RESPONSE TO NO. 16:**

19      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

20 admit or deny this Request and on that basis denies.

21 **REQUEST NO. 17:**

22      Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment

23 style JZ6 l Y00SRP), Iconix Brand Group did not have the ability to control Kohl's

24 conduct.

25 **RESPONSE TO NO. 17:**

26      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

27 admit or deny this Request and on that basis denies.

28

1   **REQUEST NO. 18:**

2       Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment

3   style JZ6 l Y005RP), Icon ix Brand Group did not benefit from Kohl's alleged

4   infringement.

5   **RESPONSE TO NO. 18:**

6       Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

7   admit or deny this Request and on that basis denies.

8   **REQUEST NO. 19:**

9       Admit that to the extent Iconix Brand Group received royalty payments from

10  Kohl's as a result of Kohl's sales of the Blouson Maxi Dress (garment style

11  JZ6 l Y00SRP), those payments were made solely in exchange for Kohl's right to

12  use the "Candie's" trademark.

13  **RESPONSE TO NO. 19:**

14      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

15  admit or deny this Request and on that basis denies.

16  **REQUEST NO. 20:**

17      Admit that You did not suffer any actual damage as a result of Kohl's selling

18  the Blouson Maxi Dress (garment style JZ61 Y00SRP) under the "Candie's" label

19  rather than under some other label.

20  **RESPONSE TO NO. 20:**

21      Deny.

22  **REQUEST NO. 21:**

23      Admit that Kohl's did not share its profit (if any) from selling the Blouson

24  Maxi Dress (garment style JZ6 l Y005RP) with Iconix Brand Group.

25  **RESPONSE TO NO. 21:**

26      Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either

27  admit or deny this Request and on that basis denies.

28

**REQUEST NO. 22:**

Admit that the royalty payments Kohl's made to Iconix Brand Group in connection with its sales of the Blouson Maxi Dress (garment style JZ61Y005RP) are deductible from the gross revenues it received from such sales.

**RESPONSE TO NO. 22:**

Deny.

**REQUEST NO. 23:**

Admit that to the extent Iconix Brand Group profited from its receipt of royalty payments from Kohl's, that profit is not attributable to the alleged infringement.

**RESPONSE TO NO. 23:**

Deny.

**REQUEST NO. 24:**

Admit that Iconix Brand Group's profit from licensing the Candie's trademark is entirely attributable to the value of the "Candie's" trademark.

**RESPONSE TO NO. 24:**

Deny.

**REQUEST NO. 25:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ6 1 Y005RP), Iconix Brand Group did not know that such sales would infringe Your copyright.

**RESPONSE TO NO. 25:**

Deny.

**REQUEST NO. 26:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style I JZ61 Y005RP), Iconix Brand Group had no reason to believe that the sales would 1 infringe Your copyright.

- 9 -

**RESPONSE TO NO. 26:**

Deny.

**REQUEST NO. 27:**

Admit that the print designs depicted in Request Nos. 1 and 2 are variations of chevron and stripe prints.

**RESPONSE TO NO. 27:**

Objections: vague and ambiguous as to "chevron and stripe prints." As Plaintiff understands this Request: Admit.

**REQUEST NO. 28:**

Admit that chevrons are a common feature of fabric designs.

**RESPONSE TO NO. 28:**

Objection: seeking speculation, vague and ambiguous as to "common feature." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 29:**

Admit that stripes are a common feature of fabric designs.

**RESPONSE TO NO. 29:**

Objection: seeking speculation, vague and ambiguous as to "common feature." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 30:**

Admit that it is common for fabric designs to combine chevrons with stripes.

**RESPONSE TO NO. 30:**

Objection: seeking speculation, vague and ambiguous as to "common." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 31:**

Admit that it is common for fabric designs to combine chevrons with varying widths.

**RESPONSE TO REQUEST NO. 31:**

Objection: seeking speculation, vague and ambiguous as to "common." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 32:**

Admit that Design MG 1175 is based on one or more pre-existing works.

**RESPONSE TO NO. 32:**

Deny.

**REQUEST NO. 33:**

Admit that some of the individual elements in Design MG 1175 were copied from one or more pre-existing work.

**RESPONSE TO NO. 33:**

Deny.

**REQUEST NO. 34:**

Admit that You do not know whether any of the individual elements in Design MG 1175 were copied from pre-existing work.

**RESPONSE TO NO. 34:**

Deny.

**REQUEST NO. 35:**

Admit that You do not know which, if any, of the individual elements in Design MG 1175 were copied from pre-existing work (as opposed to which, if any, were the wholly original creation of the employee who authored the work).

**RESPONSE TO NO. 35:**

Deny.

**REQUEST NO. 36:**

Admit that You do not know whether any of the individual elements in Design MG 1175 were the wholly original creation of the employee who authored the work.

**RESPONSE TO NO. 36:**

Deny.

**REQUEST NO. 37:**

Admit that You do not know which, if any, of the individual elements in Design MG l 175 were the wholly original creation of the employee who authored the work (as opposed to which, if any, were copied from pre-existing work).

**RESPONSE TO NO. 37:**

Deny.

**REQUEST NO. 38:**

Admit that the presumption of validity afforded by the registration certificate for "Stripe" (registered as U.S. Registration Number VA l-883-216) extends only to the copyright for the collection as a whole (i.e., the selection of works included in the collection) and not to the copyright for the individual works included in the collection.

**RESPONSE TO NO. 38:**

Deny.

**REQUEST NO. 39:**

Admit that one or more of the individual works included for registration m "Stripe" was not authored by an employee of Unicolors, Inc.

**RESPONSE TO NO. 39:**

Deny.

**REQUEST NO. 40:**

Admit that one or more of the individual works included for registration m

- 12 -

1  "Stripe" was published before August 30, 2013.

2  **RESPONSE TO NO. 40:**

3  Objection: vague and ambiguous, seeking legal conclusions or premature

4  expert opinion.

5  **REQUEST NO. 41:**

6  Admit that You did not publish all of the works included for registration m

7  "Stripe" in a single unit of publication on August 30, 2013.

8  **RESPONSE TO NO. 41:**

9  Objection: vague and ambiguous, seeking legal conclusions or premature

10  expert opinion.

11  **REQUEST NO. 42:**

12  Admit that You never published all of the works included for registration in

13  "Stripe" in a single unit of publication.

14  **RESPONSE TO NO. 42:**

15  Objection: vague and ambiguous, seeking legal conclusions or premature

16  expert opinion. Without waiver: Deny.

17  **REQUEST NO. 43:**

18  Admit that one or more of the individual works included for registration m

19  "Stripe" was based on pre-existing work.

20  **RESPONSE TO NO. 43:**

21  Objection: vague and ambiguous, seeking legal conclusions or premature

22  expert opinion. Without waiver: Deny.

23  **REQUEST NO. 44:**

24  Admit that one or more of the individual works included for registration m

25  "Stripe" incorporates pre-existing work.

26

27

28

- 13 -

**RESPONSE TO NO. 44:**

Objection: vague and ambiguous, seeking legal conclusions or premature expert opinion. Without waiver: Deny.

**REQUEST NO. 45:**

Admit that Your actual damage from the alleged infringement by Kohl's can be measured either by a reasonable licensing fee for the use of Design MG 1175 on fabric, or by the amount of profit You would have earned had the party that purchased the fabric used for the Blouson Maxi Dress (garment style JZ6 l Y005RP) purchased the fabric from You rather than a competitor.

**RESPONSE TO NO. 45:**

Deny.

**REQUEST NO. 46:**

Admit that other than the loss of either ( 1) a reasonable licensing fee for the use of Design MG I 175 on fabric, or (2) the profits from sales of fabric printed with Design MG 1175, You did not suffer any actual damage from the alleged infringement by Kohl's.

**RESPONSE TO NO. 46:**

Objection: unintelligible. As Plaintiff understands the Request: Deny.

**REQUEST NO. 47:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ61 Y005RP) is attributable in part to the print design) and in part to factors other than the copyrighted work.

**RESPONSE TO NO. 47:**

Deny.

///

**REQUEST NO. 48:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ6 l Y005RP) is attributable in part to the fact that the garment is a useful item (i.e., that it can be used as clothing) as opposed to simply a work of art).

**RESPONSE TO NO. 48:**

Deny.

**REQUEST NO. 49:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ6IY005RP) is attributable in part to the stylistic elements of the garment (e.g., its cut and fit).

**RESPONSE TO NO. 49:**

Deny.

**REQUEST NO. 50:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ61 Y005RP) is attributable in part to the quality of workmanship of the garment.

**RESPONSE TO NO. 50:**

Deny.

**REQUEST NO. 51:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ61 Y005RP) is attributable in part to the materials used in the garment.

**RESPONSE TO NO. 51:**

Deny.

**REQUEST NO. 52:**

Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment style JZ6 l Y005RP) is attributable in part to Kohl's goodwill.

1  **RESPONSE TO NO. 52:**

2      Deny.

3  **REQUEST NO. 53:**

4      Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment

5  style JZ6 I Y00SRP) is attributable in part to the goodwill associated with the

6  "Candie's" label.

7  **RESPONSE TO NO. 53:**

8      Deny.

9  **REQUEST NO. 54:**

10     Admit that Kohl's profit from the sale of the Blouson Maxi Dress (garment

11 style JZ6 I Y005RP) is attributable in part to the fact that consumers view the

12 garment as a good value (i.e., that the quality to price ratio is high).

13 **RESPONSE TO NO. 54:**

14     Deny.

15 **REQUEST NO. 55:**

16     Admit that the portion of a party's profit from the sale of a garment bearing a

17 print design that is attributable to the print design is equal to a reasonable license

18 fee for use of the design on the fabric.

19 **RESPONSE TO NO. 55:**

20     Deny.

21 **REQUEST NO. 56:**

22     Admit that to the extent Kohl's earned a profit from the sale of the Blouson

23 Maxi Dress (garment style JZ6 I Y005 RP) in excess of the amount of a reasonable

24 royalty for use of Design MG 1175, that portion of the profit is attributable to

25 factors other than the copyrighted work.

26

27

28

- 16 -

**RESPONSE TO NO. 56:**

Objection: unintelligible. As Plaintiff understands this Request, Deny.

**REQUEST NO. 57:**

Admit that to the extent Kohl's earned a profit from the sale of the Blouson Maxi Dress (garment style JZ61 Y005RP) in excess of the amount of a reasonable royalty for use of Design MGI 175, that portion of the profit is attributable to factors other than the copyrighted work.

**RESPONSE TO NO. 57:**

Objection: unintelligible. As Plaintiff understands this Request, Deny.

**REQUEST NO. 58:**

Admit that if the fabric used in the Blouson Maxi Dress (garment style JZ61 Y005RP) cost the same amount as substitute fabric You would have sold bearing authorized copies of Design MG 1175, then Kohl's would not have earned any additional profit as a result of the alleged infringement that would not already be taken into account in the calculation of Your actual damage.

**RESPONSE TO NO. 58:**

Objection: unintelligible, nonsensical, seeking speculation. As Plaintiff understands this Request, Deny.

**REQUEST NO. 59:**

Admit that if the fabric used in the Blouson Maxi Dress (garment style JZ6 1 YOOSRP) cost more than substitute fabric You would have sold bearing authorized copies of Design MG 1175, then Kohl's would not have earned any additional profit as a result of the alleged infringement that would not already be taken into account in the calculation of Your actual damage.

**RESPONSE TO NO. 59:**

Objection: unintelligible, nonsensical, seeking speculation. As Plaintiff understands this Request, Deny.

**REQUEST NO. 60:**

Admit that if the fabric used in the Blouson Maxi Dress (garment style JZ6 1 Y005RP) cost less than substitute fabric You would have sold bearing authorized copies of Design MG 1175, then any additional profit Kohl's earned from the alleged infringement that would not already be taken into account in the calculation of Your actual damage can be measured as the difference in the price of the unauthorized fabric and substitute authorized fabric, minus Your actual damage.

**RESPONSE TO NO. 60:**

Objection: unintelligible, nonsensical, compound, seeking speculation. Plaintiff cannot respond to this Request as written, and on that basis denies.

**REQUEST NO. 61:**

Admit that if the price paid by Kohl's for the Blouson Maxi Dress (garment style JZ6 1 Y005RP) was the same as the price Kohl' s would have paid for garments made from substitute Fabric purchased from You and bearing authorized copies of Design MG1175, then Kohl's would not have earned any additional profit as a result of the alleged infringement that would not already be taken into account in the calculation of Your actual damage.

**RESPONSE TO NO. 61:**

Objection: unintelligible, nonsensical, compound, seeking speculation. Plaintiff cannot respond to this Request as written, and on that basis denies.

**REQUEST NO. 62:**

Admit that if the price paid by Kohl's for the Blouson Maxi Dress (garment style JZ6 I Y005RP) was more than the price Kohl 's would have paid for garments made from substitute Fabric purchased from You and bearing authorized copies of Design MG 1175, then Kohl's would not have earned any additional profit as a

1    result of the alleged infringement that would not already be taken into account in

2    the calculation of Your actual damage.

3    **RESPONSE TO NO. 62:**

4          Objection: unintelligible, nonsensical, compound, seeking speculation.

5    Plaintiff cannot respond to this Request as written, and on that basis denies.

6    **REQUEST NO. 63:**

7          Admit that if the price paid by Kohl's for the Blouson Maxi Dress (ga1ment

8    style 1 JZ61 Y005RP) was less than the price Kohrs would have paid for garments

9    made from substitute Fabric purchased from You and bearing authorized copies of

10   Design MG 1175, then any additional profit Kohl,s earned from the alleged

11   infringement that would not already be taken into account in the calculation of

12   Your actual damage can be measured as the difference in the price of garments

13   made from the unauthorized fabric and garments made from substitute authorized

14   fabric, minus Your actual. damage.

15   **RESPONSE TO NO. 63:**

16         Objection: unintelligible, nonsensical, compound, seeking speculation.

17   Plaintiff cannot respond to this Request as written, and on that basis denies.

18

19

20   Dated:  January 22, 2018          By: _____

21                                          Scott A. Burroughs, Esq.

22                                          Trevor W. Barrett, Esq.

                                            Justin M. Gomes, Esq.

23                                          DONIGER / BURROUGHS

                                            Attorneys for Plaintiff

24

25

26

27

28
                                    - 19 -

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On January 22, 2018 I served the ENCLOSED documents described as:
**PLAINTIFF'S RESPONSES TO DEFENDANT  FIRST SET OF REQUESTS FOR ADMISSIONS; PLAINTIFF'S RESPONSES TO DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF INTERROGATORIES; PLAINTIFF'S RESPONSES TO KOHL'S DEPARTMENT STORES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
on the following necessary part(ies) in this action:

> **Samuel G Brooks**
> **Scott P Shaw**
> **William P Cole**
> **Call and Jensen APC**
> **610 Newport Center Drive Suite 700**
> **Newport Beach, CA 92660**
> **Email: sbrooks@calljensen.com**
> **Email: sshaw@calljensen.com**
> **Email: wcole@calljensen.com**

☒ by placing ☐ the original ☒a true copy thereof enclosed in sealed envelopes addressed as follows:
☒ BY MAIL
        ☒ I deposited such envelope in the mail at Venice, California.  The envelope was mailed with postage thereon fully prepaid.
☒BY ELECTRONIC MAIL (E-MAIL)
        ☒ On this date I caused the above-referenced document(s) to be transmitted to the e-mail address noted above.
        ☒ As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Venice, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
        EXECUTED January 22, 2018 in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

Erin Kurth

# EXHIBIT 10



LAWYERS

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660

TELEPHONE 949.717.3000
FACSIMILE 949.717.3100

CALLJENSEN.COM

January 24, 2018

OUR FILE NUMBER
KOH01-60

**BY EMAIL**

Trevor W. Barrett, Esq.
Doniger / Burroughs
603 Rose Avenue
Venice, CA 90291
tbarrett@donigerlawfirm.com

      Re:    *Unicolors, Inc. v. Kohl's Department Stores, Inc. and Iconix Brand Group, Inc.*
                <u>USDC Central District of California, Case No. 2:17-cv-04073-GW-PLA</u>

Dear Trevor:

      I write pursuant to Local Rule 37-1 to request that you meet and confer with me in a good faith effort to eliminate the necessity for hearing a motion to compel (or to eliminate as many of the disputes as possible) regarding Unicolors, Inc.'s ("Unicolors") responses to written discovery. We are required to meet, either in person or by telephone, within ten days after the date of sending this letter. I propose that we meet by telephone on Monday, January 29, 2018, at 2:00 PM. Please let me know if that date and time works for you. If it does not, please propose an alternative time.

      This letter sets forth each of the issues and discovery requests in dispute, along with my position (and legal authority which I believe is dispositive of my position) as to each such issue/request. This letter also specifies the terms of the discovery order to be sought.

**I.      <u>ISSUES IN DISPUTE</u>**

      My anticipated motion will raise the following issues:

      1.      <u>Whether the Court should compel responses to interrogatories</u>

            1.1.    Whether the Court should compel responses to Interrogatory Nos. 1 through 4.

            1.2.    Whether the Court should compel responses to Interrogatory Nos. 5 through 7.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 2

    1.3.    Whether the Court should compel responses to Interrogatory Nos. 8 through 11.

    1.4.    Whether the Court should compel responses to Interrogatory Nos. 12 through 13 and 15.

    1.5.    Whether the Court should compel responses to Interrogatory No. 14.

**2.**    **Whether the Court should compel responses to requests for production of documents**

    2.1.    Whether the Court should compel responses to RFP Nos. 2 and 3.

    2.2.    Whether the Court should compel responses to RFP Nos. 4 through 7.

    2.3.    Whether the Court should compel responses to RFP Nos. 9 and 10.

    2.4.    Whether the Court should compel responses to RFP Nos. 15 through 18.

    2.5.    Whether the Court should compel responses to RFP Nos. 19 through 22.

    2.6.    Whether the Court should compel responses to RFP No. 23.

**3.**    **The sufficiency of answers and objections to requests for admission**

    3.1.    Whether Unicolors' answers and objections to RFA Nos. 1 through 9, 14 through 19, 21, and 28 through 31 are sufficient.

    3.2.    Whether Unicolors' answers and objections to RFA Nos. 40 through 44 are sufficient.

**4.**    **Whether the Court should impose monetary sanctions**

## II.    CONTENTIONS AND POINTS AND AUTHORITIES AS TO EACH ISSUE

My position as to each issue/request is set forth below, along with the legal authority which I believe is dispositive of the dispute as to that issue/request, and the terms of the discovery order to be sought.

**1.**    **Whether the Court should compel responses to interrogatories**

    **1.1.**    **Whether the Court should compel responses to Interrogatory Nos. 1 through 4**

        **1.1.1.**  **Verbatim Quotation of Each Request and Response**

Interrogatory numbers 1 through 4, and Plaintiff's responses thereto, are quoted verbatim below:

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 3

**INTERROGATORY NO. 1:**

State the price per yard You would have charged Kohl's Department Stores, Inc. or its supplier in November/December 2015 for fabric printed with Design Number MG1175 of the same make as the fabric used in Kohl's Style Number JZ61Y005RP. If You did not offer fabric in November/December 2015 in the same make as the fabric used in Kohl's Style Number JZ61Y005RP, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO.1:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 2:**

Describe each factor that would have affected the per yard price You would have charged Kohl's or its supplier in November/December 2015 for knit fabric printed with Design Number MG1175 of the same make as the fabric used in Kohl's Style Number JZ61Y005RP. If You did not offer fabric in November/December 2015 in the same make as the fabric used in Kohl's Style Number JZ61Y005RP, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection: compound and containing impermissible sub-pats, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 3:**

Describe each factor that would have affected Your cost in November/December 2015 for knit fabric printed with Design Number MG1175 of the same make as the fabric used in Kohl's Style Number JZ61Y005RP. If You did not offer fabric in November/December 2015 in the same make as the fabric used in Kohl's Style Number JZ61Y005RP, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 4

## INTERROGATORY NO. 4:

State Your cost per yard in November/December 2015 for knit fabric printed with Design Number MG1175 of the same make as the fabric used in Kohl's Style Number JZ61Y005RP. If You did not offer fabric in November/December 2015 in the same make as the fabric used in Kohl's Style Number JZ61Y005RP, You may so state and answer this interrogatory with respect to fabric of a similar make.

## RESPONSE TO INTERROGATORY NO. 4:

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

### 1.1.2.    Kohl's Contentions and Points and Authorities

Interrogatory numbers 1 through 4 seek information regarding Unicolors' alleged actual damages—namely, the profit Plaintiff claims to have lost as a result of Kohl's using fabric purchased from a competitor. As such, the information sought is clearly relevant and within the scope of discovery. *See* FRCP 26(b)(1). The amount of profits Unicolors claims to have lost can only be determined by identifying the price Unicolors would have charged for replacement fabric (i.e., fabric of the same make) similar to what Kohl's actually used. As such, Kohl's is entitled to know the price per yard Unicolors would have charged during the time in question for the fabric at issue, as well as Unicolors' cost for such fabric.

Unicolors does not object to interrogatory numbers 1 and 4, but its answers to these interrogatories are evasive.[1] Rule 33(b)(3) requires each interrogatory to be answered "separately and fully in writing under oath." If the answer to an interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information)," then under appropriate circumstances the answering party can specify the records to be reviewed and give the interrogating party a reasonable opportunity to examine and audit them, and to make copies, compilations, abstracts, or summaries. FRCP 33(d). However, this option applies **only if** "the burden of deriving or ascertaining the answer will be substantially the same for either party." *Id.*

With respect to both interrogatory numbers 1 and 4, Plaintiff invokes Rule 33(d) and states that it will "produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue." However, even if Plaintiff produces such documents (it has not done so), there is no indication that examining those documents will enable Kohl's to determine the answers to these interrogatories. Presumably, Plaintiff purchased and sold a variety of different makes of fabrics at a variety of different prices over a variety of different times. Kohl's will have no way of knowing which of the prices Plaintiff would have charged Kohl's, or what Plaintiff's cost for such fabric would have been. Moreover, even if an answer to the interrogatories can be derived from examining these records, the burden of

---

[1] An evasive answer must be treated as a failure to answer. FRCP 37(a)(4).

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 5

deriving or ascertaining them will be substantially greater for Kohl's than it would be for Plaintiff. Therefore, Plaintiff cannot properly invoke Rule 33(d) in this instance.

Plaintiff's objections to interrogatory numbers 2 and 3 are not justified. Neither of the interrogatories are compound. They each require Plaintiff to describe the factors that affect a single issue—the price of a particular fabric (No. 2) and the cost of a particular fabric (No. 3).

Nor are these interrogatories "unintelligible, overboard, harassing, [or] disproportionate to the needs of this case." Plaintiff's complaint includes a prayer for actual damages. Therefore, discovery regarding actual damages is appropriate, including the factors relating to the amount of Plaintiff's alleged lost profit.

Finally, the interrogatories do not call for speculation or ask Plaintiff to respond to an "incomplete hypothetical." Plaintiff's theory of actual damage is that it lost the profit that it would have enjoyed had Kohl's (or its vendor) purchased fabric from it rather than from a competitor. If Plaintiff contends that it cannot determine the price it would have charged or the cost it would have incurred for such a sale without speculation, then Plaintiff cannot in good faith claim to have suffered any actual damage.

In short, the interrogatories are valid, and Plaintiff's objections to them are not justified. To the extent Plaintiff answered the interrogatories, those answers are evasive and incomplete. Plaintiff must be ordered to answer each of these interrogatories separately, in writing and under oath.

### 1.2. Whether the Court should compel responses to Interrogatory Nos. 5 through 7

#### 1.2.1. Verbatim Quotation of Each Request and Response

Interrogatory numbers 5 through 7, and Plaintiff's responses thereto, are quoted verbatim below.

**INTERROGATORY NO. 5:**

State the terms You contend would have constituted reasonable compensation for You to convey a non-exclusive license to a third party to use Design Number MG1175 on fabric in November/December 2015.

**RESPONSE TO INTERROGATORY NO.5:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 6

**INTERROGATORY NO. 6:**

State the factual basis for Your contention that the terms set forth in Your response to Interrogatory Number 5 would have constituted reasonable compensation for You to convey a non-exclusive license to a third party to use Design Number MG1175 on fabric in November/December 2015.

**RESPONSE TO INTERROGATORY NO.6:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 7:**

Describe in detail any documents or other evidentiary material which support Your contention that the terms set forth in Your response to Interrogatory Number 5 would have constituted reasonable compensation for You to convey a non-exclusive license to a third party to use Design Number MG1175 on fabric in November/December 2015.

**RESPONSE TO INTERROGATORY NO.7:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks Plaintiff to respond to an incomplete hypothetical and thus speculation. Discovery is ongoing, right to supplement reserved.

### 1.2.2.  Kohl's Contentions and Points and Authorities

Interrogatory numbers 5 through 7 seek information regarding Plaintiff's claimed damages. It is well established that actual damages for copyright infringement may be measured in terms of a license fee. *See* Ninth Circuit Manual of Model Civil Jury Instructions 17.33 (the "amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant" may be "represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work."). Therefore, Kohl's is entitled to discover the terms of a license fee that Plaintiff contends would have been reasonable, along with the factual and evidentiary basis for such a contention. These interrogatories are entirely appropriate.

Plaintiff repeats the same boilerplate objections to these three interrogatories that it asserts in response to nearly all the others: namely, that they are "compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case." Plaintiff also objects that they require Plaintiff to "respond to an incomplete hypothetical and thus speculation." None of these objections are justified.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 7

First, the interrogatories are not compound. Each interrogatory asks for information regarding a single issue that is of central importance in the case. Nor are the interrogatories "unintelligible, overbroad, harassing, or disproportionate to the needs of the case." If Plaintiff claims that it suffered actual damages, then it bears the burden of proving such damages. Plaintiff cannot in good faith claim that it suffered a reduction in the fair market value of its copyright, and then refuse to provide any information regarding a recognized measure of such a reduction.

Finally, the interrogatories do not call for speculation or ask Plaintiff to respond to an "incomplete hypothetical." The model jury instructions specifically identify "lost license fees" as a measure of actual damage. Plaintiff cannot simply reject this discovery unless it agrees that it suffered no actual damage.

In short, the interrogatories are valid, and Plaintiff's objections to them are not justified. Plaintiff must be ordered to answer each of these interrogatories separately, in writing and under oath.

### 1.3. Whether the Court should compel responses to Interrogatory Nos. 8 through 11

#### 1.3.1. Verbatim Quotation of Each Request and Response

**INTERROGATORY NO. 8:**

State Your net profit or loss margin (as a percentage of total sales) from sales of all fabric in the years 2015 and 2016.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 9:**

State Your net profit or loss margin (as a percentage of total sales) on sales of print fabrics only in the years 2015 and 2016.

**RESPONSE TO INTERROGATORY NO.9:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 8

Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 10:**

State Your net profit or loss margin (as a percentage of total sales) on sales of print fabrics of the same make as the fabric used in Kohl's Style Number JZ61Y005RP in the years 2015 and 2016. If You did not offer fabric in that make during those years, You may so state and answer this interrogatory with respect to fabric of a similar make.

**RESPONSE TO INTERROGATORY NO.10:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

**INTERROGATORY NO. 11:**

Identify each category of cost other than the cost of goods sold (e.g., shipping, warehousing, overhead, etc.) which You take into account in determining Your profits or losses on fabric sales.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: compound and containing impermissible sub-parts, unintelligible, overboard, harassing, and disproportionate to the needs of this case. Plaintiff further objects in that this interrogatory seeks legal conclusions or premature expert opinion. Without waiver: Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue.

### 1.3.2.   Kohl's Contentions and Points and Authorities

Interrogatory numbers 8 through 10 request Plaintiff's profit or loss margins for certain categories of fabrics during a certain time period: all fabrics (No. 8), all print fabrics (No. 9), and print fabrics of the same make as the allegedly infringing fabric (No. 10). This information is highly relevant to questions of actual damage. It may show whether the fabric Plaintiff would have sold to Kohl's (i.e., fabric of the same make as the allegedly infringing fabric and printed with the allegedly copyrighted design) was any more or less profitable than other fabrics sold by Plaintiff during the same time period. For example, if fabric printed with the allegedly copyrighted design was not more profitable than other similar fabrics, that evidence could support an inference that the allegedly copyrighted design did not provide any additional value beyond the value of the fabric.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 9

Interrogatory Number 11 is also highly relevant. In order to assess Plaintiff's calculation of its profits for each category of fabric, Defendant must know what costs Plaintiff is including in the calculation, and whether those same costs are applied equally to each category of fabric. This information is essential to determine whether Plaintiff can prove any actual damages, and it is relevant to the measure of any alleged actual damages.

Notwithstanding the clear relevance of the discovery, Plaintiff's responses are evasive. Plaintiff states in response to each interrogatory that it will "produce documents reflecting the prices charged for sampling, sales, and/or licensing of fabric featuring the design at issue." But none of these interrogatories requested this information. Rather, the interrogatories ask for a straightforward statement of Plaintiff's profit or loss from the sale of various categories of fabric, and an identification of each category of costs taken into account in determining profits or losses from fabric sales. Plaintiff's evasive answers to these interrogatories must be treated as a failure to answer. FRCP 37(a)(4).

None of the objections to the interrogatories are justified. Plaintiff merely repeats the same boilerplate objections that it asserted in response to other interrogatories, and offers no reasons for the objections. Plaintiff has sole possession of the information requested in these interrogatories, and the information is undoubtedly relevant. Indeed, Plaintiff does not even assert that the discovery is not relevant. Nor does it offer any explanation as to why it cannot provide the information, or why the burden would be so great as to outweigh the value of the discovery.

In short, Plaintiff's objections must be overruled, and it must be ordered to provide straightforward and complete answers to each interrogatory.

### 1.4. Whether the Court should compel responses to Interrogatory Nos. 12, 13 and 15

#### 1.4.1. Verbatim Quotation of Each Request and Response

**INTERROGATORY NO. 12:**

Provide the name, address, telephone number, and email address of the employee who authored Design Number MG1175 for Unicolors in 2013.

**RESPONSE TO INTERROGATORY NO. 12:**

The design at issue was drafted by Unicolors' design team, reachable through undersigned counsel. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 13:**

Provide the name, address, telephone number, email address, and a description of the relationship with You of each individual who contributed copyrightable authorship to each copyrightable element that is otherwise recognizable as a self-contained work of visual art

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 10

included in the work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216). You may answer this interrogatory by filling in the table below:

| Design Number | Name of Author | Address | Telephone Number | Email Address | Relationship with Unicolors (e.g., current employee, former employee, independent contractor, third party) |
|---|---|---|---|---|---|
| CMT1297 | | | | | |
| MG1175 | | | | | |
| SC832 | | | | | |
| SH1619 | | | | | |
| SP862 | | | | | |
| SR829 | | | | | |

**RESPONSE TO INTERROGATORY NO. 13:**

The design at issue was drafted by Unicolors' design team, reachable through undersigned counsel. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 15:**

Provide the name, address, telephone number, email address, and a description of the relationship with You of each individual described in Your initial disclosures, including specifically, "Unicolors' design team," "Plaintiff's Chief Financial Officer," "Plaintiff's Head of Samples and Production," "Agents and artists connected to art studios," and "Plaintiff's sales representatives that serviced the Defendants' accounts."

**RESPONSE TO INTERROGATORY NO. 15:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce nonprivileged documents in its possession, custody or control responsive to this interrogatory. Discovery is ongoing; right to supplement reserved.

### 1.4.2.    Kohl's Contentions and Points and Authorities

Interrogatory Numbers 12, 13, and 15 each request the names and contact information for individuals with relevant information. Plaintiff does not object to any of these interrogatories. Its answers, however, do not provide the names or contact information for any individuals. These evasive answers must be treated as a failure to answer. FRCP 37(a)(4). Therefore, Plaintiff must be compelled to answer each interrogatory fully.

### 1.5.    Whether the Court should compel responses to Interrogatory No. 14

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 11

### 1.5.1.   Verbatim Quotation of Request and Response

**INTERROGATORY NO. 14:**

Describe in detail the publication of "Stripe," on August 30, 2013, including specifically the medium or media in which the work was published, the locations where any copies of the publication were distributed, the number of copies that were distributed, and if known, the identities of any persons who received copies of the publication.

**RESPONSE TO INTERROGATORY NO. 14:**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

### 1.5.2.   Kohl's Contentions and Points and Authorities

Interrogatory No. 14 requires Plaintiff to provide specific information regarding a specific publication identified in the registration certificate. Plaintiff does not object to the interrogatory, but its answer is evasive and incomplete. Therefore, it must be treated as a failure to answer. FRCP 37(a)(4).

Rule 33(d) only permits a party to produce business records in lieu of a written answer if (1) the answer to the interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing those records, **and** (2) the burden of deriving or ascertaining the answer will be substantially the same for either party. FRCP 33(d). Moreover, the answer must specify the records that must be reviewed and give the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. *Id.*

Plaintiff's answer does not specify the business records in question. Nor does it offer any explanation as to how those records can be used to determine the answer to the interrogatory, or why the burden to Kohl's would be substantially the same as it would be to Plaintiff. Therefore, under the circumstances Plaintiff cannot simply invoke Rule 33(d) and avoid answering the interrogatory. Kohl's will seek an order compelling Plaintiff to answer this interrogatory.

### 2.   Whether the Court should compel responses to requests for production of documents

#### 2.1.   Whether the Court should compel responses to RFP Nos. 2 and 3

##### 2.1.1.   Verbatim Quotation of Each Request and Response

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 12

**REQUEST FOR PRODUCTION 2:**

All documents, including communications, relating to the creation of the work of visual
art entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216).

**RESPONSE TO REQUEST NO.2:**

Objections: seeks confidential information protected by the attorney-client privilege and
the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request
as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome.
Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession,
custody or control concerning the creation, registration, and publication of the design at issue.
Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 3:**

All documents, including communications, relating to the creation of each copyrightable
element that is otherwise recognizable as a self-contained work of visual art included in the
collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216).

**RESPONSE TO REQUEST NO. 3:**

Objections: seeks confidential information protected by the attorney-client privilege and the
attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as
overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome.
Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession,
custody or control concerning the creation, registration, and publication of the design at issue.
Discovery is ongoing; right to supplement reserved.

### 2.1.2. Kohl's Contentions and Points and Authorities

Request Nos. 2 and 3 ask for documents relating to the creation of the entire registered
work, and of each copyrightable element that is otherwise recognizable as a self-contained work
of visual art included in the registered work. However, the responses to these requests purport to
limit the production to documents "concerning the creation, registration, and publication of the
design at issue." The "design at issue" is only one of several designs that were registered
together as a published collection. Therefore, the limitation renders the response evasive and
incomplete. An evasive or incomplete response must be treated as a failure to respond. FRCP
37(a)(4).

The objections to these requests are not justified. To the extent any responsive documents
are confidential, the protective order is sufficient to preserve confidentiality and/or trade secrets.
Neither of the requests expressly seek privileged attorney-client communications or attorney
work product. Nevertheless, to the extent responsive documents are privileged, they may be

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 13

identified in a privilege log.[2] The remaining objections—overbroad, vague and ambiguous, and unduly burdensome—are not supported by any reasons as required by Rule 34(b)(2)(B).

The response suggests that Plaintiff has responsive materials that it is withholding. Therefore, Kohl's will seek an order compelling Plaintiff to state in its response that inspection and related activities will be permitted as requested, or that it will produce copies of documents or of electronically stored information instead of permitting inspection. Kohl's will also seek an order compelling Plaintiff to produce the documents or permit the inspection and copying without delay.

### 2.2.    Whether the Court should compel responses to RFP Nos. 4 through 7

#### 2.2.1.   Verbatim Quotation of Each Request and Response

**REQUEST FOR PRODUCTION 4:**

All documents, including communications, relating to the publication on August 30, 2013 of the work of visual art entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216).

**RESPONSE TO REQUEST NO. 4:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 5:**

For each copyrightable element that is otherwise recognizable as a self-contained work of visual art included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216), documents showing the date You first sold fabric printed with that element.

**RESPONSE TO REQUEST NO. 5:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession,

---

[2] Attorney-client communications made pursuant to this litigation are presumptively privileged, and do not need to be logged. However, to the extent a privilege claim is made for communications or other documents created prior to this litigation, those documents must be logged.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 14

custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 6:**

For each copyrightable element that is otherwise recognizable as a self-contained work of visual art included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216), documents showing the date You first offered for sale fabric printed with that element.

**RESPONSE TO REQUEST NO. 6:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 7:**

A copy of the single unit of publication of "Stripe" (registered as U.S. Registration Number VA 1-883-216) that was published on August 30, 2013—that is, the single unit of publication that included all of the copyrightable elements that are otherwise recognizable as self-contained works.

**RESPONSE TO REQUEST NO. 7:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

### 2.2.2.   Kohl's Contentions and Points and Authorities

Request numbers 4 through 7 all relate to the issue of publication of the registered work, and of the individual designs included in the registered work. In order to register multiple copyrightable elements as a single work, those elements must be first published together in a single unit of publication. 37 C.F.R. §202.3(b)(4)(i)(A). Kohl's has alleged in its affirmative defenses that Plaintiff's registration is not valid. Documents relating to the publication of each design included in the registered work are clearly relevant to this defense. If the documents show that the designs were published separately, and not in a single unit of publication, then that evidence will support a finding that Plaintiff included inaccurate information in its application to

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 15

register the copyright which, if known to the Register of Copyrights, would have resulted in refusal of registration. *See* 17 U.S.C. §411(b).

Plaintiff's responses each state that Plaintiff will produce documents "concerning the creation, registration, and publication of the design at issue." However, these responses are evasive and incomplete. The "design at issue" is only one of several designs that were registered together as a single work. An evasive or incomplete response must be treated as a failure to respond. FRCP 37(a)(4).

The objections to these requests are not justified. To the extent any responsive documents are confidential, the protective order is sufficient to preserve confidentiality and/or trade secrets. None of the requests expressly seek privileged attorney-client communications or attorney work product. Nevertheless, to the extent responsive documents are privileged, they may be identified in a privilege log.[3] The remaining objections—overbroad, vague and ambiguous, and unduly burdensome—are not supported by any reasons as required by Rule 34(b)(2)(B).

The responses suggest that Plaintiff has responsive materials that it is withholding. Therefore, Kohl's will seek an order compelling Plaintiff to state in its response that inspection and related activities will be permitted as requested, or that it will produce copies of documents or of electronically stored information instead of permitting inspection. Kohl's will also seek an order compelling Plaintiff to produce the documents or permit the inspection and copying without delay.

### 2.3.    Whether the Court should compel responses to RFP Nos. 9 and 10

#### 2.3.1.    Verbatim Quotation of Each Request and Response

**REQUEST FOR PRODUCTION 9:**

For each copyrightable element that is otherwise recognizable as a self-contained work included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216) that was based on one or more pre-existing works, copies of such pre-existing works.

**RESPONSE TO REQUEST NO. 9:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

---

[3] Attorney-client communications made pursuant to this litigation are presumptively privileged, and do not need to be logged. However, to the extent a privilege claim is made for communications or other documents created prior to this litigation, those documents must be logged.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 16

**REQUEST FOR PRODUCTION 10:**

For each copyrightable element that is otherwise recognizable as a self-contained work included in the collective work entitled "Stripe" (registered as U.S. Registration Number VA 1-883-216) that was based on one or more registered pre-existing works, copies of the registration certificates for such pre-existing works.

**RESPONSE TO REQUEST NO.10:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, vague and ambiguous, generally and as to "relating to," and unduly burdensome. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

### 2.3.2.  Kohl's Contentions and Points and Authorities

Request numbers 9 and 10 seek discovery that is relevant to the validity and evidentiary value of the copyright registration. The registration certificate does not identify any author other than Unicolors, Inc. as an employer for hire, and does not identify any pre-existing works on which the registered work is based. However, to the extent any of the designs included in the registration are not wholly original creations of Unicolors employees, the failure to disclose this fact in the application for registration was improper, and if the Register of Copyrights had known of this inaccuracy it would likely have refused registration. Moreover, regardless of whether the registration certificate satisfies the requirements of 17 U.S.C. § 411, evidence that contradicts any of the facts stated in the registration certificate may rebut Plaintiff's prima facie case for ownership of a valid copyright.

Plaintiff's responses each state that Plaintiff will produce documents "concerning the creation, registration, and publication of the design at issue." However, these responses are evasive and incomplete. The "design at issue" is only one of several designs that were registered together as a single work. The requests ask for documents relating to "each copyrightable element that is otherwise recognizable as a self-contained work included in the collective work entitled 'Stripe.'" An evasive or incomplete response must be treated as a failure to respond. FRCP 37(a)(4).

The objections to these requests are not justified. To the extent any responsive documents are confidential, the protective order is sufficient to preserve confidentiality and/or trade secrets. None of the requests expressly seek privileged attorney-client communications or attorney work product. Nevertheless, to the extent responsive documents are privileged, they may be identified in a privilege log. The remaining objections—overbroad, vague and ambiguous, and unduly burdensome—are not supported by any reasons as required by Rule 34(b)(2)(B).

The responses suggest that Plaintiff has responsive materials that it is withholding. Therefore, Kohl's will seek an order compelling Plaintiff to state in its response that inspection

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 17

and related activities will be permitted as requested, or that it will produce copies of documents or of electronically stored information instead of permitting inspection. Kohl's will also seek an order compelling Plaintiff to produce the documents or permit the inspection and copying without delay.

### 2.4.    Whether the Court should compel responses to RFP Nos. 15 through 18

#### 2.4.1.   Verbatim Quotation of Each Request and Response

**REQUEST FOR PRODUCTION 15:**

Documents sufficient to determine the prices You charged in 2015 and 2016 for fabric printed with Design MG1175 of the same make as the fabric used in the Blouson Maxi Dress (garment style JZ61Y005RP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

**RESPONSE TO REQUEST NO. 15:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 16:**

Documents sufficient to determine Your average cost in 2015 and 2016 for fabric printed with Design MG1175 of the same make as the fabric used in the Blouson Maxi Dress (garment style JZ61Y005RP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

**RESPONSE TO REQUEST NO.16:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 18

**REQUEST FOR PRODUCTION 17:**

Documents sufficient to determine the prices You charged in 2015 and 2016 for solid fabric of the same make as the fabric used in the Blouson Maxi Dress (garment style JZ61Y005RP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

**RESPONSE TO REQUEST NO. 17:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 18:**

Documents sufficient to determine Your average cost in 2015 and 2016 for solid fabric of the same make as the Blouson Maxi Dress (garment style JZ61Y005RP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

**RESPONSE TO REQUEST NO. 18:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

### 2.4.2.  Kohl's Contentions and Points and Authorities

Requests 15 and 16 seek documents showing the prices Plaintiff charged, and its cost for fabric that would have been exchangeable for the allegedly infringing fabric. Request 17 and 18 seek documents showing the same information for similar fabric that does not have a print. These documents are highly relevant to determine whether there was any price premium for fabric printed with the allegedly copyrighted design as compared to solid fabric. That inquiry is relevant to the questions whether Plaintiff suffered any actual damage, and also whether Kohl's obtained any additional profit that can be fairly attributed to the alleged infringement, and which would not be otherwise taken into account in the determination of actual damages.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 19

Plaintiff's responses each state that Plaintiff will produce documents "concerning the creation, registration, and publication of the design at issue." However, these responses are evasive and incomplete. The requests ask for documents sufficient to determine Plaintiff's average prices and average costs for specific categories of fabric. Plaintiff's response does not indicate that any of the requested documents will actually be produced. An evasive or incomplete response must be treated as a failure to respond. FRCP 37(a)(4).

The objections to these requests are not justified. To the extent any responsive documents are confidential, the protective order is sufficient to preserve confidentiality and/or trade secrets. None of the requests expressly seek privileged attorney-client communications or attorney work product. Nevertheless, to the extent responsive documents are privileged, they may be identified in a privilege log. Other boilerplate objections—overbroad, vague and ambiguous, and unduly burdensome—are not supported by any reasons as required by Rule 34(b)(2)(B). The objection that the requests seek "irrelevant documents regarding designs not at issue" is also not justified. Requests 15 and 16 are specifically focused on the design Plaintiff refers to in the Complaint as "MG1175." Requests 17 and 18 are focused on solid fabrics—i.e., fabrics with no print design. None of these requests seek any information "regarding designs not at issue."

Plaintiff clearly has responsive materials that it is withholding. Therefore, Kohl's will seek an order compelling Plaintiff to state in its response that inspection and related activities will be permitted as requested, or that it will produce copies of documents or of electronically stored information instead of permitting inspection. Kohl's will also seek an order compelling Plaintiff to produce the documents or permit the inspection and copying without delay.

### 2.5.    Whether the Court should compel responses to RFP Nos. 19 through 22.

#### 2.5.1.   Verbatim Quotation of Each Request and Response

**REQUEST FOR PRODUCTION 19:**

Documents sufficient to determine Your net profit or loss from sales of all fabric in 2015 and 2016.

**RESPONSE TO REQUEST NO. 19:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 20

**REQUEST FOR PRODUCTION 20:**

Documents sufficient to determine Your net profit or loss from sales of all print fabrics in 2015 and 2016.

**RESPONSE TO REQUEST NO. 20:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 21:**

Documents sufficient to determine Your net profit or loss in 2015 and 2016 from sales of all print fabrics of the same make as the fabric used in the Blouson Maxi Dress (garment style JZ61Y005RP). If You did not offer fabric in the same make, You may so state and produce documents responsive to this request with respect to fabric of a similar make.

**RESPONSE TO REQUEST NO. 21:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

**REQUEST FOR PRODUCTION 22:**

Documents sufficient to show each category of cost other than the cost of goods sold (e.g., shipping, warehousing, overhead, etc.) which You take into account in determining Your profits or losses on fabric sales, and the amount of such costs in 2015 and 2016.

**RESPONSE TO REQUEST NO. 22:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks irrelevant documents regarding designs not at issue. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 21

creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

### 2.5.2.  Kohl's Contentions and Points and Authorities

Request numbers 19 through 22 are relevant to Plaintiff's alleged damages. Plaintiff alleges that it lost profits from sales that it would have made but for the alleged infringement. Therefore, documents relating to the alleged lost profits are clearly discoverable.

Plaintiff's responses each state that Plaintiff will produce documents "concerning the creation, registration, and publication of the design at issue." However, these responses are evasive and incomplete. The requests do not ask for general documents "concerning the creation, registration, and publication of the design at issue." Rather, they ask for documents sufficient to determine Plaintiff's profits or losses on particular categories of fabric, and documents sufficient to show the categories of costs which are taken into account in determining those profits or losses. An evasive or incomplete response must be treated as a failure to respond. FRCP 37(a)(4).

The objections to these requests are not justified. To the extent any responsive documents are confidential, the protective order is sufficient to preserve confidentiality and/or trade secrets. None of the requests expressly seek privileged attorney-client communications or attorney work product. Nevertheless, to the extent responsive documents are privileged, they may be identified in a privilege log. Other boilerplate objections—overbroad, unduly burdensome, and not proportional—are not supported by any reasons as required by Rule 34(b)(2)(B). The objection that the requests seek "irrelevant documents regarding designs not at issue" is also not justified. Requests 19 through 22 are specifically focused on documents that will permit Kohl's to compare Plaintiff's profits or losses for all fabrics, all print fabrics, and all print fabrics of a particular make, so that the finder of fact can see whether the print design in question actually contributes any additional value to the fabric. The discovery is not only relevant, it is of great importance.

Plaintiff clearly has responsive materials that it is withholding. Therefore, Kohl's will seek an order compelling Plaintiff to state in its response that inspection and related activities will be permitted as requested, or that it will produce copies of documents or of electronically stored information instead of permitting inspection. Kohl's will also seek an order compelling Plaintiff to produce the documents or permit the inspection and copying without delay.

### 2.6.    Whether the Court should compel responses to RFP No. 23.

### 2.6.1.  Verbatim Quotation of Each Request and Response

**REQUEST FOR PRODUCTION 23:**

All communications to and from the employee who authored Design MG1175 for Unicolors which relate to Design MG1175.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 22

**RESPONSE TO REQUEST NO. 23:**

Objections: seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Without waiver: Plaintiff will produce nonprivileged responsive documents in its possession, custody or control concerning the creation, registration, and publication of the design at issue. Discovery is ongoing; right to supplement reserved.

### 2.6.2.   Kohl's Contentions and Points and Authorities

Request number 23 seeks communications to and from a particular employee which relate to a particular topic. These communications are of great relevance in this case because the employee in question is the author of the allegedly copyrighted design. His or her communications which relate to that design are likely to include statements regarding whether the design is wholly original on the one hand, or copied in whole or in part from preexisting work on the other. They may also include information regarding any preexisting works that may have been referenced, whether for inspiration or for direct copying. Indeed, the relevance of the discovery is self-evident

Plaintiff's response states that Plaintiff will produce documents "concerning the creation, registration, and publication of the design at issue." However, that is not what the request asks for. Rather, it asks for communications to and from a particular employee. Plaintiff's evasive response must be treated as a failure to respond. FRCP 37(a)(4).

The objections to the request are not justified. To the extent any responsive documents are confidential, the protective order is sufficient to preserve confidentiality and/or trade secrets. This request does not expressly seek privileged attorney-client communications or attorney work product. Nevertheless, to the extent responsive documents are privileged, they may be identified in a privilege log. Other boilerplate objections—overbroad, unduly burdensome, and not proportional—are not supported by any reasons as required by Rule 34(b)(2)(B). It should not be difficult or burdensome to identify the employee who allegedly authored a particular design, and then search for communications to and from that employee which relate to the design.

Plaintiff clearly has responsive materials that it is withholding. Therefore, Kohl's will seek an order compelling Plaintiff to state in its response that inspection and related activities will be permitted as requested, or that it will produce copies of documents or of electronically stored information instead of permitting inspection. Kohl's will also seek an order compelling Plaintiff to produce the documents or permit the inspection and copying without delay.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 23

**3.    The sufficiency of answers and objections to requests for admission**

**3.1.    Whether Unicolors' answers and objections to RFA Nos. 1 through 9, 14 through 19, 21, and 28 through 31 are sufficient**

**3.1.1.    Verbatim Quotation of Each Request and Response**

**REQUEST NO. 1:**

Admit that Kohl's received the garment pictured below from Poong In Trading Co. Ltd.



**RESPONSE TO NO. 1:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 2:**

Admit that the designs pictured in the table below were created by a Kohl's employee by modifying the design on the garment pictured in Request No. 1:

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 24



**RESPONSE TO NO. 2:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 3:**

Admit that when a Kohl's employee created the designs pictured in Request No. 2, Kohl's was informed and believed that Poong In Trading Co, Ltd. had created the design on the garment pictured in Request No. 1.

**RESPONSE TO NO. 3:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 25

**REQUEST NO. 4:**

Admit that when a Kohl's employee created the designs pictured in Request No. 2, that individual had no reason to believe that Unicolors claimed to own a copyright for the print design on the garment pictured in Request No. 1.

**RESPONSE TO NO. 4:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 5:**

Admit that when Kohl's placed purchase orders for the Blouson Maxi Dress (garment style JZ61Y005RP) in November 2015, it had no reason to believe that Unicolors claimed to own a copyright for the print design on the garment pictured in Request No. 1.

**RESPONSE TO NO. 5:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 6:**

Admit that when Kohl's began selling units of the Blouson Maxi Dress (garment style JZ61Y005RP) in March 2016, it had no reason to believe that Unicolors claimed to own a copyright for the print design on the garment pictured in Request No. 1.

**RESPONSE TO NO. 6:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 7:**

Admit that Kohl's first became aware of Your claim of ownership of the copyright for the print design on the garment pictured in Request No. 1 when it received a letter from Your attorney alleging copyright infringement with respect to the Blouson Maxi Dress (garment style JZ61Y005RP).

**RESPONSE TO NO. 7:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 26

**REQUEST NO. 8:**

Admit that Kohl's first received the letter described in Request No. 7 on December 6, 2016.

**RESPONSE TO NO. 8:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 9:**

Admit that Kohl's last sale of the Blouson Maxi Dress (garment style JZ61Y005RP) was before December 6, 2016.

**RESPONSE TO NO. 9:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 14:**

Admit that Iconix Brand Group did not sell the Blouson Maxi Dress (garment style JZ61Y005RP).

**RESPONSE TO NO. 14:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 15:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not induce Kohl's to infringe Your copyright.

**RESPONSE TO NO. 15:**

Objection: seeking speculation. Plaintifflacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 16:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not have the right to control Kohl's conduct.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 27

**RESPONSE TO NO. 16:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 17:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not have the ability to control Kohl's conduct.

**RESPONSE TO NO. 17:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 18:**

Admit that at the time Kohl's was selling the Blouson Maxi Dress (garment style JZ61Y005RP), Iconix Brand Group did not benefit from Kohl's alleged infringement.

**RESPONSE TO NO. 18:**

Objection: seeking speculation. Plaintifflacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 19:**

Admit that to the extent Iconix Brand Group received royalty payments from Kohl's as a result of Kohl's sales of the Blouson Maxi Dress (garment style JZ61Y005RP), those payments were made solely in exchange for Kohl's right to use the "Candie's" trademark.

**RESPONSE TO NO. 19:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 21:**

Admit that Kohl's did not share its profit (if any) from selling the Blouson Maxi Dress (garment style JZ61Y005RP) with Iconix Brand Group.

**RESPONSE TO NO. 21:**

Objection: seeking speculation. Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 28

**REQUEST NO. 28:**

Admit that chevrons are a common feature of fabric designs.

**RESPONSE TO NO. 28:**

Objection: seeking speculation, vague and ambiguous as to "common feature." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 29:**

Admit that stripes are a common feature of fabric designs.

**RESPONSE TO NO. 29:**

Objection: seeking speculation, vague and ambiguous as to "common feature." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 30:**

Admit that it is common for fabric designs to combine chevrons with stripes.

**RESPONSE TO NO. 30:**

Objection: seeking speculation, vague and ambiguous as to "common." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

**REQUEST NO. 31:**

Admit that it is common for fabric designs to combine chevrons with varying widths.

**RESPONSE TO REQUEST NO. 31:**

Objection: seeking speculation, vague and ambiguous as to "common." Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies.

### 3.1.2.   Kohl's Contentions and Points and Authorities

Rule 36 permits Kohl's to request that Plaintiff admit the truth of certain matters. Pursuant to Rule 36(a)(6), Kohl's is also entitled to move to determine the sufficiency of Unicolor's answers or objections. "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 29

Here, Plaintiff's objections are not justified, and several of Plaintiff's responses do not comply with Rule 36. In particular, Plaintiff objected to many requests on the grounds that they "seek speculation." However, none of the listed requests ask Plaintiff to speculate. On the contrary, Kohl's has proffered evidence to support each of the facts that are requested to be admitted. If Plaintiff contests the evidence, then it may deny the requests. Otherwise, it should admit them and thereby narrow the issues for trial.

Several of Plaintiff's responses state, "Plaintiff lacks sufficient knowledge to either admit or deny this Request and on that basis denies." However, Rule 36(a)(4) provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." None of Plaintiff's responses comply with the requirement that Plaintiff certify it has made reasonable inquiry. Therefore, these responses do not comply with the rule and the requests must either be deemed admitted or the responses amended.

Plaintiff offered a few other objections to certain requests, including that the requests are "vague and ambiguous." These objections are not justified. On the contrary, each request merely asks Plaintiff to admit facts, the application of law to fact, or opinions about either.

Because Plaintiff failed to comply with the requirements of Rule 36, Kohl's will seek an order either that these matters are admitted, or that Plaintiff amend its answers.

### 3.2. Whether Unicolors' answers and objections to RFA Nos. 40 through 44 are sufficient.

#### 3.2.1. Verbatim Quotation of Each Request and Response

**REQUEST NO. 40:**

Admit that one or more of the individual works included for registration in "Stripe" was published before August 30, 2013.

**RESPONSE TO NO. 40:**

Objection: vague and ambiguous, seeking legal conclusions or premature expert opinion.

**REQUEST NO. 41:**

Admit that You did not publish all of the works included for registration in "Stripe" in a single unit of publication on August 30, 2013.

**RESPONSE TO NO. 41:**

Objection: vague and ambiguous, seeking legal conclusions or premature expert opinion.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 30

**REQUEST NO. 42:**

Admit that You never published all of the works included for registration in "Stripe" in a single unit of publication.

**RESPONSE TO NO. 42:**

Objection: vague and ambiguous, seeking legal conclusions or premature expert opinion. Without waiver: Deny.

**REQUEST NO. 43:**

Admit that one or more of the individual works included for registration in "Stripe" was based on pre-existing work.

**RESPONSE TO NO. 43:**

Objection: vague and ambiguous, seeking legal conclusions or premature expert opinion. Without waiver: Deny.

**REQUEST NO. 44:**

Admit that one or more of the individual works included for registration in "Stripe" incorporates pre-existing work.

**RESPONSE TO NO. 44:**

Objection: vague and ambiguous, seeking legal conclusions or premature expert opinion. Without waiver: Deny.

### 3.2.2.  Kohl's Contentions and Points and Authorities

Plaintiff objects that these requests are vague and ambiguous, and that they seek legal conclusions or premature expert opinion. The objections are not justified. The requests are straightforward and clear, and they ask Plaintiff to admit the truth of facts—not legal conclusions. Nevertheless, to the extent any of the requests can be interpreted as requesting an admission regarding the application of law to fact, or an admission regarding opinions about facts or the application of law to facts, such requests are expressly permitted by Rule 36(a)(1)(A).

Because Plaintiff's objections are not justified, Kohl's will seek an order deeming the requests admitted or, in the alternative, requiring Plaintiff to amend its responses.

Trevor W. Barrett, Esq.
Doniger / Burroughs
January 24, 2018
Page 31

     **4.**     **Whether the Court should impose monetary sanctions**

As part of its anticipated motion, Kohl's will seek an order requiring Unicolors, Doniger/Burroughs, or both to pay Kohl's reasonable expenses incurred in making the motion, including reasonable attorney's fees. *See* FRCP 36(a)(6), 37(a)(5)(A). As explained in greater detail above, Plaintiff's deficient responses and objections are not justified, and I am not aware of any other circumstances that would make an award of expenses unjust. Therefore, if a motion becomes necessary, Kohl's will be entitled to an award of expenses.

**III.**     **PROPOSAL TO RESOLVE THE DISPUTE**

A motion to compel should not be necessary. Unicolors may avoid the need for a motion by promptly serving (1) verified amended answers to interrogatories which withdraw the objections and fully answer each interrogatory, (2) amended responses to requests for production of documents which withdraw the objections and state that the requested documents will be produced, and (3) amended responses to requests for admission which withdraw the objections and either admit or deny each request.

          Very truly yours,

          Samuel G. Brooks
          For Call & Jensen
          Call & Jensen
          A Professional Corporation

SGB:hah
Enclosure